DOUCET, Judge.
The defendant, Anthony J. Lomas, pled guilty to Indecent Behavior with a Juvenile, to-wit: a 16-year old female. A pre-sentence investigation (PSI) was ordered by the trial court. The PSI disclosed the defendant had several other infractions with the law prior to the present offense although none involved offenses against the person. The report also revealed the defendant had since married (as had the victim) and his wife was expecting a child.
The trial judge, after reviewing the PSI, sentenced the defendant to 18 months imprisonment. Defendant now attacks the sentence as excessive and further complains that the trial judge failed to comply with La.C.Cr.Pro. art. 894.1.[1] However, counsel for appellant fails to articulate any abuse of discretion in brief other than de *57 fendant’s denial of certain prior criminal activity.
Conviction of the crime of Indecent Behavior With Juveniles, La.R.S. 14:81, carries a maximum sentence of five years imprisonment. We find that the sentence imposed is not “apparently severe” and that the trial judge adequately complied with art. 894.1 in stating the factual basis and individual considerations on which the sentence was based. The trial judge questioned the defendant, read the PSI, and noted, inter alia, the defendant’s criminal record, the seriousness of the crime, potential harm to the victim, and defendant’s consequent need for correctional treatment.
For the reasons assigned, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Art. 894.1. Sentence guidelines; generally
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant’s criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C.The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
Added by Acts 1977, No. 635, § 1.